See also, 156 F.R.D. 676.

**Selena WASHINGTON, et al., Plaintiffs,**

**v.**

**Robert VOGEL, et al., Defendants.**

No. 93–482–Civ–Orl–22.

United States District Court,
M.D. Florida,
Orlando Division.

Aug. 11, 1994.

Luis F. Gomez, Orlando, FL, Charles Gilbert Burr, III, Melanie Locklear, Charles G. Burr, P.A., Tampa, FL, Dennis Courtland Hayes, Willie Abrams, NAACP Special Contribution Fund, Baltimore, MD, E.E. Edwards, Edwards & Simmons, P.A., Nashville, TN, James Edward Clark Perry, Law Office of James E.C. Perry, Orlando, FL, for plaintiffs.

David V. Kornreich, Jeffrey E. Mandel, Muller, Mintz, Kornreich, Caldwell, Casey, Crosland & Bramnick, P.A., Orlando, FL, for defendants.

### ORDER

CONWAY, District Judge.

The Plaintiffs have filed a Renewed Motion for Class Certification (Dkt. 107). Based on the analysis that follows, the Court determines that the Renewed Motion should be denied.

### I. BACKGROUND

The Plaintiffs instituted this action in June 1993, and at that time first gave notice to the Court and to the Defendants that the Plaintiffs would be seeking class action certification. The Plaintiffs contend that the Defendants had, and continue to have, a policy of targeting African–Americans and Hispanics for pretextual traffic stops on Interstate 95 in Volusia County, for the purpose of seizing property (primarily cash) from those persons stopped. The traffic stops at issue were made by members of the Selective Enforcement Team, a unit within the Volusia County Sheriff's Office. In October 1993, the Court scheduled the case to be tried on the merits in January 1995. That trial date remains unchanged.

A plaintiff seeking class certification must show, *inter alia*, (1) that he is "qualified to represent the members of the class in accordance with the four prerequisites of Rule 23(a)[, Federal Rules of Civil Procedure]", and (2) that "the action [is] one of the three types Rule 23(b) identifies." *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir.1987), *cert. denied*, 486 U.S. 1005, 108 S.Ct. 1729, 100 L.Ed.2d 193 (1988).[1]

From the three available Rule 23(b) class certification options, the Plaintiffs have consistently and repeatedly chosen Rule 23(b)(2). The initial Complaint requested class certification only pursuant to Rule 23(b)(2). *See* Complaint (Dkt. 1) at 4 (para.

---

1. Rule 23(b) provides:

   **(b) Class Actions Maintainable.** An action may be maintained as a class action if the prerequisites of subdivision (a) are satisfied, and in addition:

   (1) the prosecution of separate actions by or against individual members of the class would create a risk of
   (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or

14), 6, 8 and 9 ("wherefore" clauses). When the Plaintiffs twice amended their Complaint, they continued to request certification only under Rule 23(b)(2). *See* First Amended Complaint (Dkt. 35) at 4 (para. 15), and 6, 8 and 10 ("wherefore" clauses); Second Amended Complaint (Dkt. 78) at 5 (para. 15), and 6, 8 and 10 ("wherefore" clauses).[2] Similarly, in their Motion for Class Certification and at the hearing on such motion, the Plaintiffs relied only on Rule 23(b)(2). *See* Motion for Class Certification (Dkt. 36) at 6; Transcript of Hearing on Class Certification Motion (Dkt. 94) at 7.

On June 14, 1994, the Court ruled on the Plaintiffs' initial and amended requests for class certification. *See* Order (Dkt. 101). The Court first addressed the threshold issue of standing. The Court determined that the individual Plaintiffs did not have standing to assert their own claims for injunctive relief. The Court then ruled that the NAACP did not have standing to seek an injunction on behalf of its members. Turning to the class certification issue, the Court noted that the Plaintiffs had consistently sought class certification only pursuant to Rule 23(b)(2), and had not sought alternative certification under either Rule 23(b)(1) or 23(b)(3). The Court determined that since the individual Plaintiffs did not have standing to seek injunctive relief for themselves, they could not seek injunctive relief on behalf of the class. Accordingly, the Court denied the initial and amended motions for class certification.

## II. RENEWED MOTION FOR CLASS CERTIFICATION

The Plaintiffs responded to the Court's June 14, 1994 Order by filing the Renewed Motion for Class Certification. In this motion, the Plaintiffs for the first time seek class certification pursuant to Rule 23(b)(3). They contend that the Court's determination that the individual Plaintiffs did not have standing to seek injunctive relief "altered the status of the parties", such that a "renewed motion for class certification based on a new legal theory" is appropriate. Renewed Motion for Class Certification (Dkt. 107) at 3. The Plaintiffs also maintain that the Defendants will not be prejudiced by certification under Rule 23(b)(3). Specifically, the Plaintiffs assert that (1) the Defendants cannot claim surprise at this new tack, inasmuch as the Plaintiffs have all along sought damages, (2) no additional discovery will be required, and (3) granting the Renewed Motion will not delay the case, including the trial scheduled for January 1995.

## III. DEFENDANTS' RESPONSE TO THE RENEWED MOTION

The Defendants oppose the Renewed Motion. They contend that there are no "new" circumstances that justify reconsideration of the Court's prior Order denying class certification. The Defendants point out that nothing has changed since that ruling. They contend that it would be unfair to grant certification on an entirely new basis more than one year after the initial Complaint was filed, particularly in light of the fact that the Plaintiffs have heretofore sought certification only pursuant to Rule 23(b)(2). The Defendants point out that the deadlines for completion of discovery and for filing dispositive motions have expired. They argue that they will be prejudiced if the Renewed Motion is granted, inasmuch as they have not conduct-

(B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The matters pertinent to the findings include: (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (D) the difficulties likely to be encountered in the management of a class action.

2. Consistent with the requirements of Rule 23, the Complaint, First Amended Complaint and Second Amended Complaint also invoked Rule 23(a).

ed any discovery on the Rule 23(b)(3) issues of whether the members of the putative class are interested in individually controlling the prosecution of separate actions, and the desirability or undesirability of concentrating the litigation of the claims in this particular forum.

The Defendants also argue that granting the Renewed Motion will delay the proceedings. In particular, they contend that the Rule 23(c)(2) requirement of providing notice to all Rule 23(b)(3) class members, including individual notice to those who can be identified through reasonable effort, will undoubtedly necessitate a continuance of the January 1995 trial.

### IV. ANALYSIS

■ The Court agrees with the Defendants that the Renewed Motion should be denied. In the first place, the Renewed Motion is untimely. Local Rule 4.04(b) provides that unless the Court grants an extension for cause shown, a motion for class certification must be filed within ninety days following the filing of the initial complaint. The Plaintiffs' initial motion for class certification was timely. This one, based on an entirely different ground, is not. Moreover, the Plaintiffs have not shown good cause for their earlier failure to seek certification pursuant to Rule 23(b)(3). As the Defendants point out, the Plaintiffs could have easily sought alternative certification under Rule 23(b)(3) (or Rule 23(b)(1)) in the three versions of their Complaint and in their initial and amended motions for class certification. It appears that the decision not to do so was a tactical one.

■ The Court also agrees that granting the Renewed Motion would postpone resolution of this case. Were it to grant the Renewed Motion, the Court would be required to reopen discovery, extend the (now expired) time for filing dispositive motions, explore and decide class notice issues, and entertain further dispositive motions. Once the class notice issues were resolved, notice would have to be given to a fairly large number of class members. In the Court's view, these further proceedings would necessitate continuance of the scheduled January 1995 trial date. Accordingly, granting the instant motion would significantly delay trial of the individual Plaintiffs' claims.

■ Finally, there are no "changed circumstances" justifying reconsideration of the Court's prior ruling. The Defendants challenged the individual Plaintiffs' standing early in the case. See Defendants' Motion to Dismiss Plaintiffs' Claims for Equitable Relief and to Dismiss Plaintiff NAACP (or, in the Alternative, Motion for Judgment on the Pleadings) (Dkt. 45) and Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiffs' Claims for Equitable Relief and to Dismiss Plaintiff NAACP (or, in the Alternative, Motion for Judgment on the Pleadings) (Dkt. 46), filed January 20, 1994. Counsel for the Plaintiffs should have reasonably anticipated that if the Court determined that the individual Plaintiffs did not have standing to seek injunctive relief in their own right, they could not seek injunctive relief on behalf of a Rule 23(b)(2) class, with the result that a Rule 23(b)(2) class could not be certified. To hedge against that risk, the Plaintiffs could have sought alternative certification under one of the other two provisions of Rule 23(b). Subsequent opportunities to request alternative certification were presented at the time the Plaintiffs' counsel prepared the Second Amended Complaint (Dkt. 78) and the Amended Motion for Class Certification (Dkt. 89). However, Plaintiffs' counsel did not avail themselves of those opportunities. Given that Plaintiffs' counsel are experienced litigators, their conduct in not seeking alternative certification must have been the product of a conscious tactical decision. The fact that Plaintiffs' counsel's tactical decisions did not work out as planned does not excuse the Plaintiffs' failure to timely seek class certification pursuant to Rule 23(b)(3), and it does not constitute "changed circumstances."

Likewise, the Court's standing rulings do not amount to "changed circumstances." The individual Plaintiffs did not lose standing at the time the Court issued its rulings; rather, they never had standing. Again, the possibility that the Court might so rule is something the Plaintiffs should have reasonably anticipated.

■ "In the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent, courts should not condone a series of rearguments

on the class issues by either the proponent or the opponent of [the] class, in the guise of motions to reconsider the class ruling." 2 H. Newberg and A. Conte, *Newberg on Class Actions* (3d ed. 1992) § 7.47 at 7–146. Absolutely nothing has changed since the Court denied the Plaintiffs' initial and amended requests for class certification. Further, the Court's standing rulings do not constitute "changed circumstances." Since no "materially changed or clarified circumstances" are here present, the Court finds no basis upon which to reconsider its prior denial of class certification.

## V. CONCLUSION

Based on the foregoing, the Renewed Motion for Class Certification (Dkt. 107) is DENIED.

DONE AND ORDERED.