**Saul ZAPATA, et al., Plaintiffs,**

v.

**IBP, INC., Defendant.**

**Civ. A. No. 93–2366–EEO.**

United States District Court,
D. Kansas.

Sept. 16, 1997.

John L. Hampton, David W. Hauber, Boddington & Brown, Chtd., Kansas City, KS, P. John Brady, R. Lawrence Ward, Shughart, Thomson & Kilroy, Kansas City, MO, for plaintiffs.

Jack L. Whitacre, Spencer, Fane, Britt & Browne, Kansas City, MO, J. Nick Badgerow, Michaela M. Warden, Spencer, Fane, Britt & Browne, Overland Park, KS, Russell P. Wright, Dakota City, KS, for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on plaintiffs' renewed motion for class certification (Doc. 567). Defendant has responded and opposes the motion. Plaintiffs have filed a reply, and the motion is ready for ruling. For the reasons stated below, the motion is denied.

Plaintiffs first filed a motion for class certification on March 6, 1995. After extensive briefing and a hearing on the issue, the court denied plaintiffs' motion by memorandum and order filed May 15, 1996. *Zapata v. IBP, Inc.*, 167 F.R.D. 147 (D.Kan.1996). Plaintiffs now state the following as grounds for reconsideration of the class certification issue:

> Plaintiffs make this new motion for class certification because, since the time of the Court's initial ruling, discovery in this case has closed and new judicial decisions regarding class actions have been published.

Plaintiff's Memorandum at 1.

Plaintiffs, in the instant motion, seek to represent the following class:

> All Mexican and Mexican–American hourly production line workers of IBP, Inc. employed at any time since November 21, 1991 at IBP's Finney County, Kansas or Emporia, Kansas beef processing plants.[1]

---

1. Although plaintiffs, in the instant motion, characterize the class they are seeking to certify as the "hostile work environment class," plaintiffs' above-quoted definition of the class is broader

District of Kansas Local Rule 7.3 addresses motions to reconsider: [2]

A party may file a motion asking a judge or magistrate judge to reconsider an order or decision made by that judge or magistrate judge. Such motion shall be filed within ten days after the entry of the order or decision unless the time is extended by the court. A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice.

A motion for reconsideration is the opportunity for the court to (1) correct manifest errors of law or fact; (2) review newly discovered evidence; or (3) review a prior decision in light of a recent change in the law. *Cross Timbers Oil Co. v. Rosel Energy, Inc.*, 168 F.R.D. 649, 650 (D.Kan.1996) (citing *Major v. Benton*, 647 F.2d 110, 112 (10th Cir.1981)). A party's failure to present its strongest case in the first instance does not entitle it to a second chance in the form of a motion to reconsider. *Id.* (citing *Renfro v. City of Emporia, Kan.*, 732 F.Supp. 1116, 1117 (D.Kan.1990)). The decision of whether to grant or deny a motion for reconsideration is committed to the court's discretion. *Id.* (citing *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir.1988)).

Local Rule 7.3 embodies courts' general desire to avoid upsetting the law of the case:

Under the "law of the case" doctrine, once an issue is decided by the court, it should not be reconsidered unless it is clearly erroneous or resulted in the imposition of some manifest injustice. *Id.* This doctrine is based on public policy favoring an end to litigation and encouraging finality in dispute resolution by preventing continued relitigation of issues once decided. *See Major v. Benton*, 647 F.2d at 112; *Todd Shipyards Corp. v. Auto Transp., S.A.*, 763 F.2d 745, 750 (5th Cir.1985).

*Id.*

The court first observes that the instant motion, filed some one year and two months after our May 15, 1996 order denying class certification, is untimely. Plaintiffs choose to simply ignore this issue. The court finds, however, that plaintiffs' motion, filed at this late date, fails to comport with the unambiguous ten-day deadline set forth in Rule 7.3. Such untimeliness alone is sufficient grounds to deny plaintiffs' motion.

Additionally, plaintiffs have made no showing that their circumstances fall within any of the three recognized grounds for granting reconsideration. Plaintiffs' first articulated ground, "that discovery has closed," simply is not sufficient justification for reconsidering our order denying class certification. Presumably, plaintiffs mean that they have discovered new facts material to class certification. Careful examination of plaintiffs' brief, however, reveals no new facts. On page three of their brief, plaintiffs "incorporate the Statement of Facts in their previous Memorandum in Support filed on March 6, 1995."

While plaintiff's memorandum also states that it incorporates "the numerous additional facts in their Memorandum in Opposition to Defendant's Motions for Summary Judgment filed on June 9, 1997," in actuality, plaintiffs'

---

than the definition of the hostile work environment class plaintiffs articulated in their first motion for class certification. In the first motion, the class definition specifically described the class as "all past, current and future hourly, non-salaried workers of Mexican ethnicity or ancestry ... who have or will have worked at IBP, Inc.'s ... Kansas beef processing plants at any time since November 21, 1991 *and who have or will have been subjected to a hostile or abusive work environment because their ethnicity or ancestry ...*" *Zapata*, 167 F.R.D. at 155. Such limiting language is curiously absent from their current definition. To the extent plaintiffs are attempting to formulate a definition encompassing a larger class than defined in their original motion, plaintiffs have failed to comply with Local Rule 23.1(a)(2)(A), which requires plaintiffs to include the definition of the proposed class in the complaint. Moreover, such a potentially broader class definition, at this late stage of the litigation, could significantly prejudice defendant.

**2.** Rule 7.3 also is consistent with a leading commentary on class actions, which states: "In the absence of materially changed or clarified circumstances, or the occurrence of a condition on which the initial class ruling was expressly contingent, courts should not condone a series of rearguments on the class issues ... in the guise of motions to reconsider the class ruling." 2 *Newberg on Class Actions* § 7.47, at 7–146.

instant motion raises no new facts. Plaintiffs cite their June 9, 1997 memorandum only in a discussion regarding IBP's open door policy, wherein they state "many of the plaintiffs have never heard of such a policy and those that have say it is totally ineffective." This particular point was presented to the court before ruling on the original class certification motion. Plaintiffs further state that they had already presented their "most telling" argument about the open door policy in their 1995 memorandum. Plaintiffs' Brief at 8, n. 5. Moreover, as defendant aptly points out, while discovery on the merits only recently closed, discovery on class certification ended over three years ago, after two extensions.

Plaintiffs' second articulated ground, "that new judicial decisions regarding class actions have been published," is belied by the authorities cited in plaintiffs' brief. Each of the cases plaintiffs cite in support of the argument that "plaintiffs' hostile work environment claim is appropriate for class treatment" on pages 6–9 of their brief was decided before this court rendered its opinion in May of 1996.

Plaintiffs rely primarily on the case *In re: Estate of Ferdinand Marcos Human Rights Litigation*, MDL No. 840, 1994 WL 874222 (D.C.Hawai'i). Although plaintiffs cited this case during the hearing on class certification, at that time, little information was available as to the specifics of the sampling methodology used to calculate damages in that case. In our order, we rejected plaintiffs' suggestion that a similar approach to damages be used in this case, and stated that such an approach would require IBP's consent because IBP would be denied its right to a jury trial. *Zapata*, 167 F.R.D. at 164–65.

Plaintiffs note that since our ruling on class certification, the Ninth Circuit has affirmed the damage methodology used in the Marcos case, *Hilao v. Estate of Marcos*, 103 F.3d 767 (9th Cir.1996). Plaintiffs contend that the Ninth Circuit opinion makes clear that the sampling method used did not deny the Marcos estate of its right to a jury trial. Notwithstanding this conclusion by the Ninth Circuit, we find the *Marcos* decision of little authority, given its factual differences. Mar-

cos did not involve employment discrimination, nor did it involve allegations of differing behavior among different supervisors. Rather, the case concerned allegations of torture and murder against the former president of the Philippines. The Ninth Circuit noted unique factors underlying its affirmance, including the threshold finding by the District Court that the damages suffered by class members exceeded the total assets of the defendant, *id.* at 786, and the fact that the defendant had waived questions concerning the propriety of the methodology employed, *id.* at 784 n. 11. Plaintiffs do not dispute these factual distinctions.

More importantly, the *Marcos* decision does not address, let alone diminish, the numerous other bases for our decision to deny class certification. Plaintiffs have raised no new authority which would draw into question our analysis of any of the other, many factors the court considered pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3).

In sum, plaintiffs' motion for reconsideration of our May 15, 1996 order is severely out of time and should be denied on that basis alone. Even if we were to entertain the motion on the merits, none of the Local Rule 7.3 grounds for reconsideration exist. Plaintiffs' brief is nothing more than an attempt to rehash and recast old arguments already considered by the court in its original ruling. The court engaged in a "rigorous analysis" of the applicable criteria for maintenance of a class action in the first instance, and concluded that plaintiffs' claims did not warrant such treatment. For the foregoing reasons, plaintiffs' renewed motion for class certification should be denied.

IT IS THEREFORE ORDERED that plaintiff's renewed motion for class certification (Doc. # 567) is denied.