Roy **MOGEL, Todd D. Lindsay and Joseph R. Thorley, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, a subsidiary of Unumprovident Corporation, Defendant.**

**Civil Action No. 07–10955–NMG.**

United States District Court,
D. Massachusetts.

Aug. 19, 2009.

Stuart T. Rossman, National Consumer Law Center, Charles M. Delbaum, Boston, MA, Helen N. Cleveland, Esq., Roberts, Erck & Cleveland, Jeffrey G. Casurella, Atlanta, GA, John C. Bell, Leroy W. Brigham, Bell & Brigham, Augusta, GA, M. Scott Barrett, Barrett & Associates, Bloomington, IN, for Plaintiffs.

Byrne J. Decker, Gavin G. McCarthy, Pierce Atwood LLP, Portland, ME, William J. Kayatta, Jr., Pierce Atwood, Portland, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiffs in a putative class action allege that the defendant violated the Employee Retirement Income Security Act, 29

U.S.C. § 1001 *et seq.* ("ERISA"). Specifically, plaintiffs assert a claim pursuant section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), alleging that the defendant 1) failed to act solely in the interest of plan participants in violation of 29 U.S.C. § 1104(a) and 2) engaged in prohibited transactions in violation of § 1106(b)(1). Plaintiffs have moved to certify a class pursuant to Fed.R.Civ.P. 23(b)(2).

## I. *Factual Background*

Plaintiffs, Roy Mogel, Todd Lindsay and Joseph Thorley (collectively, "Plaintiffs"), were the beneficiaries of life insurance policies issued by the defendant UNUM Life Insurance Company of America ("UNUM"). The terms of the policies provided that death benefits would be paid in a lump sum to the beneficiaries unless the beneficiaries elected an alternative form of payment. At the time of payment of the claim, if the benefits to be paid exceed $10,000 (as they did for Plaintiffs), it is (and was) UNUM's practice to set up an UNUM Life Insurance Co. of America Security Account ("Security Account") in the name of the beneficiary at a particular bank. UNUM sends the beneficiary a checkbook (rather than a check for the full amount) from which the beneficiaries may write checks for any amount greater than $250 up to the policy limit. The Security Accounts paid a fixed interest disclosed to the beneficiaries in information accompanying the checkbook.

Plaintiffs contend that UNUM deposited no funds into the Security Accounts until presented with a check drawing on them and that it used the beneficiaries' funds for its own benefit in the interim. Although Plaintiffs each received the amount to which they were entitled plus interest by drawing on the Security Accounts over a period of time, they allege that the use of Security Accounts is a violation of ERISA.

Plaintiffs bring this suit as beneficiaries under section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), which provides that

> [A civil action may be brought] by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan....

29 U.S.C. § 1132(a)(3). Plaintiffs assert that UNUM's practice of establishing Security Accounts violates ERISA's fiduciary duty obligations, *see* 29 U.S.C. § 1104(a)(1) (requiring fiduciaries to act "solely in the interests of the participants and beneficiaries" of a plan), and constitutes a prohibited transaction, *see* 29 U.S.C. § 1106(b)(1) ("[A fiduciary with respect to a plan shall not] deal with the assets of the plan in his own interest or for his own account.").

Plaintiffs request that this Court 1) declare that UNUM violated ERISA and was unjustly enriched 2) order UNUM to hold in constructive trust all of the profits that it derived from the wrongful use of the Plaintiffs' assets (i.e., the difference between UNUM's profit and the fixed interest paid on the Security Account) and 3) order the disgorgement of those illicit profits. Plaintiffs also ask the Court to enjoin UNUM from any further violation of ERISA.

## II. *Procedural History*

Plaintiffs commenced this case by filing a complaint on May 18, 2007. On February 4, 2008, this Court entered a Memorandum and Order allowing UNUM's motion to dismiss on the grounds that the Security Accounts were either "separate accounts" (and therefore did not render UNUM liable for breach of fiduciary duty) or were subject to the "guaranteed benefit policy" exception to ERISA's definition of

plan assets. *See Mogel v. Unum Life Ins. Co. of Am.*, 540 F.Supp.2d 258, 264–65 (D.Mass.2008) (citing 29 U.S.C. § 1101(b)(2)), *vacated*, 547 F.3d 23 (1st Cir.2008). On November 6, 2008, the First Circuit Court of Appeals vacated this Court's order of dismissal and remanded the case for further proceedings.

At a status conference held on March 18, 2009, this Court set a schedule for all class discovery and the filing of motions for class certification. In accordance with that schedule, Plaintiffs filed the pending motion to certify a class on June 15, 2009, which was followed by an opposition, reply and surreply. A hearing on the motion was held on August 11, 2009.

### III. *Motion to Certify a Class*

Plaintiffs have moved to certify a class pursuant to Fed.R.Civ.P. 23(b)(2) consisting of all persons who satisfy each of the following criteria:

   a. At any time during the "class period," defined as (i) that period of time dating from April 5, 1994 and continuing to the present for the putative class members who also were members of the plaintiffs class in *Unum I*, and (ii) the six (6) year period immediately preceding the filing of this complaint for all other putative class members;

   b. They were beneficiaries under group life insurance policies issued by Unum, which are employee benefit plans within the meaning of 29 U.S.C. § 1002(3); and

   c. Under which Defendant paid death benefits through the creation of a Unum Security Account.

In a footnote on the final page of their memorandum in support of their motion to certify, Plaintiffs assert that this Court has discretion 1) to certify all or some of their claims under Fed.R.Civ.P. 23(b)(3), 2) to certify a hybrid class under Rules 23(b)(2)

and (b)(3) or 3) to bifurcate their claim and certify a class for only the liability stage of the litigation.

### A. Legal Standard

█ Under Fed.R.Civ.P. 23, a court may certify a class only if the plaintiff establishes that all of requirements of Rule 23(a) are satisfied and that class-wide adjudication is appropriate for one of the reasons set forth in Rule 23(b). *See Smilow v. Sw. Bell Mobile Sys., Inc.*, 323 F.3d 32, 38 (1st Cir.2003). Here, Plaintiffs rely on Rule 23(b)(2) as the basis for maintaining a class.

█ According to the First Circuit Court of Appeals, "[a] district court must conduct a rigorous analysis of the prerequisites established by Rule 23 before certifying a class." *Id.* (citing *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982)). Furthermore, a court may "probe behind the pleadings" when factual premises are disputed and "formulate some prediction as to how specific issues will play out." *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 522 F.3d 6, 20 (1st Cir.2008) (citation and internal quotation marks omitted).

Fed.R.Civ.P. 23(a) requires that a class meet the following criteria: 1) "the class is so numerous that joinder of all members is impracticable" (numerosity), 2) "there are questions of law or fact common to the class" (commonality), 3) "the claims or defenses of the representative parties are typical of the claims or defenses of the class" (typicality), and 4) "the representative parties will fairly and adequately protect the interests of the class" (adequacy). Fed.R.Civ.P. 23(a)(1)(4).

Under subparagraph (b)(2) of that Rule, litigation may proceed as a class action if the four above criteria are satisfied *and*

   the party opposing the class has acted or refused to act on grounds that apply

generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole. . . .

Fed.R.Civ.P. 23(b)(2).

## B. Rule 23(a) Requirements

Turning to the requirements of Fed. R.Civ.P. 23(a), UNUM does not seriously contend that Plaintiffs fail to satisfy any of the necessary prerequisites. Nevertheless, in the interest of completeness the Court will address each of those requirements.

### 1. Numerosity

■ Plaintiffs' proposed class allegedly consists of thousands of individuals for whom UNUM established Security Accounts. Accordingly, joinder of all members clearly would be "impracticable." *See* Fed.R.Civ.P. 23(a)(1).

### 2. Commonality

■ Plaintiffs have identified at least three common questions of law or fact: 1) whether UNUM engaged in the practices complained of, 2) whether those practices violate ERISA and 3) the amount by which UNUM was unjustly enriched by its actions. The existence of those common questions is sufficient to overcome the "low hurdle" imposed by this requirement. *See S. States Police Benevolent Assoc. v. First Choice Armor & Equip., Inc.*, 241 F.R.D. 85, 87 (D.Mass.2007).

### 3. Typicality

■■ The claims of class representatives are "typical" for purposes of Rule 23(a)(3) where plaintiffs "possess the same interest and suffer the same injury as class members." *Falcon*, 457 U.S. at 156, 102 S.Ct. 2364 (citation and internal quotation

marks omitted). Here, the three named plaintiffs were beneficiaries of UNUM life insurance policies and received proceeds under those policies through Security Accounts established by UNUM. Thus, their interest and injury is of the same kind allegedly suffered by all class members who were subject to like treatment.

### 4. Adequacy

■ Plaintiffs satisfy the adequacy requirement of Rule 23(a)(4) because they are represented by experienced counsel and display no conflict of interest with other members of the proposed class.

## C. Rule 23(b)(2) Requirements

■ In their complaint, Plaintiffs request various forms of relief including 1) a declaration that UNUM has violated ERISA and has been unjustly enriched, 2) imposition of a constructive trust on UNUM's illicit profits, 3) disgorgement of those profits to the class members and 4) an injunction barring UNUM from further violations of ERISA. Plaintiffs maintain that because all of those remedies are equitable, certification under Rule 23(b)(2) is permissible.

Certification of a class pursuant to Rule 23(b)(2) is appropriate when

the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final *injunctive* relief or corresponding *declaratory* relief is appropriate respecting the class as a whole. . . .

Fed.R.Civ.P. 23(b)(2) (emphasis added). The extent to which that subparagraph permits certification where a plaintiff seeks some form of monetary relief, as Plaintiffs do here, has been the subject of much debate.[1] The advisory committee's note to Rule 23 explains:

---

[1] Importantly, unlike certification under Rule 23(b)(3), notice to all class members and the ability to opt out are not mandatory under

Rule 23(b)(2), *see* Fed.R.Civ.P. 23(c)(2)(B), although the Court may order notice pursuant to Rule 23(c)(2)(A).

This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a class, and final relief of an injunctive nature or of a corresponding declaratory nature, settling the legality of the behavior with respect to the class as a whole, is appropriate.... The subdivision does not extend to cases in which the appropriate relief relates exclusively or *predominantly* to money damages.

*See* Fed.R.Civ.P. 23(b)(2) advisory committee's note (emphasis added).

In applying the Rule to claims seeking monetary relief, courts in other circuits have held that certification is only appropriate where monetary relief is "incidental" to injunctive relief, *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir.1998) (describing as incidental only those damages "capable of computation by means of objective standards and not dependent in any way on the intangible, subjective differences of each class member's circumstances"), or where "the positive weight or value ... of the injunctive or declaratory relief sought is predominant," *Robinson v. Metro–North Commuter R.R. Co.*, 267 F.3d 147, 164 (2d Cir.2001) (citation and internal quotation marks omitted). Courts within this circuit routinely refuse to certify classes under Rule 23(b)(2) when it is "readily apparent that plaintiffs' primary objective is money damages." *Markarian v. Conn. Mut. Life Ins. Co.*, 202 F.R.D. 60, 70 (D.Mass.2001) (citation and internal quotation marks, ellipsis and brackets omitted); *see also In re TJX Cos. Retail Sec. Breach Litig.*, 246 F.R.D. 389, 400 (D.Mass.2007) (refusing to certify where "thrust of [plaintiffs'] prayer for relief ... is undisputably monetary"); *Rothwell v. Chubb Life Ins. Co. of Am.*, 191 F.R.D. 25, 29 (D.N.H.1998) ("[P]laintiffs may avail themselves of the rule only if injunctive or declaratory relief is the predominant remedy they seek.").

Plaintiffs, relying on case law from the Fifth Circuit Court of Appeals and several district courts, argue that where equitable, monetary relief is sought, they need not establish that such relief is subordinate to injunctive and declaratory relief. *See Allison*, 151 F.3d at 415 (describing incidental damages as "damages that flow directly from liability to the class *as a whole* on the claims forming the basis of injunctive or declaratory relief"); *Coleman v. Pension Benefit Guar. Corp.*, 196 F.R.D. 193, 199 (D.D.C.2000) ("Plaintiffs' request for monetary relief does not 'predominate' because it flows from their request for a declaratory judgment...."). The Fifth Circuit has clarified, however, that characterization of monetary relief as "equitable" does not foreclose the predominance inquiry. *In re Monumental Life Ins. Co.*, 365 F.3d 408, 418 (5th Cir.2004) ("[R]ather than decide whether plaintiffs' claim for restitution is legal or equitable in nature, we apply *Allison* and examine whether the claim predominates over the request for injunctive relief."). Courts in other jurisdictions also engage in the predominance inquiry regardless of how the monetary relief is characterized. *See Jones v. Ford Motor Credit Co.*, No 00–cv–8330, 2005 WL 743213, at *24 (S.D.N.Y. Mar. 31, 2005) (considering, with respect to claim for disgorgement, whether claims for injunctive and declaratory relief were predominant); *Owner–Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc.*, 213 F.R.D. 537, 545 (W.D.Mo.2002) (noting that "even characterized as disgorgement, the relief sought by Plaintiffs is not relief contemplated by Rule 23(b)(2)" and that "[t]he $16 million sought by Plaintiffs is not merely incidental to the injunctive relief sought"), *aff'd*, 339 F.3d 1001, 1011–12 (8th Cir.2003) ("Because Appellants seek predominantly monetary relief, we agree with the district court that the applicable provision [is Rule 23(b)(3)].").

Moreover, the Fifth Circuit has explained that weighing the relative predominance of relief sought is unnecessary where class members do not stand to benefit from the injunctive relief sought:

> Of course, certification under rule 23(b)(2) is appropriate only if members of the proposed class would benefit from the injunctive relief they request. The question whether the proposed class members are properly seeking such relief is antecedent to the question whether that relief would predominate over money damages.

*In re Monumental*, 365 F.3d at 416. In *Bolin v. Sears, Roebuck & Co.*, the Fifth Circuit held that certification under Rule 23(b)(2) was inappropriate because

> [m]ost of the class consists of individuals who do not face further harm from Sears's actions. These plaintiffs have nothing to gain from an injunction, and the declaratory relief they seek serves only to facilitate the award of damages. Thus, the definition of the class shows that most of the plaintiffs are seeking only damages.

231 F.3d 970, 978 (5th Cir.2000) (footnote omitted); *see also In re Monumental*, 365 F.3d at 416 (explaining that "*Bolin* reflects a concern that plaintiffs may attempt to shoehorn damages actions into the Rule 23(b)(2) framework, depriving members of notice and opt-out provisions" (citation and internal quotation marks omitted)).

Here, as in *Bolin*, it is unclear how the class members, defined as those beneficiaries who were *paid* benefits through a Security Account, would benefit at all from the injunctive relief sought. *See Bolin*, 231 F.3d at 978. Although they may have suffered harm in the past from UNUM's alleged violations of ERISA, the only individuals likely to face further harm from UNUM's practices are those who, coincidentally, are the beneficiary of another UNUM policy. Accordingly, under the Fifth Circuit's framework for analyzing motions to certify pursuant to Rule 23(b)(2), Plaintiffs' claims are not susceptible to class treatment. *See In re Monumental*, 365 F.3d at 416.

Furthermore, under the framework for weighing predominance followed by other circuits, it is clear that Plaintiffs' "primary objective" is monetary relief. *See Markarian*, 202 F.R.D. at 70. Both the Second and Ninth Circuit Courts of Appeals have held that, to determine whether injunctive or declaratory relief predominates, a district court should

> at a minimum, satisfy itself [that] . . . even in the absence of a possible monetary recovery, reasonable plaintiffs would bring the suit to obtain the injunctive or declaratory relief sought.

*Robinson*, 267 F.3d at 164 (noting also that "[i]nsignificant or sham requests for injunctive relief should not provide cover for (b)(2) certification of claims that are brought essentially for monetary recovery"); *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1186 (9th Cir.2007) (quoting *Robinson*, 267 F.3d at 164).

As explained above, absent the prospect of monetary recovery, the named plaintiffs and class members have no incentive to pursue their claims. Any harm suffered as a result of UNUM's alleged violations of ERISA has already occurred, and no class members are likely to face further harm in the absence of injunctive or declaratory relief. Because this Court finds that reasonable plaintiffs would not bring this suit only to obtain the injunctive and declaratory relief sought, it concludes that monetary relief is Plaintiffs' primary objective and certification under Rule 23(b)(2) is unwarranted.

## D. Alternate Certifications

■ In a footnote on the final page of their memorandum in support or their motion to certify, Plaintiffs state:

Although this ERISA class action should be certified under Rule 23(b)(2), the court also has discretion to (i) certify some or all of the claims under Rule 23(b)(3); (ii) certify a hybrid class under Rule 23(b)(2) and Rule 23(b)(3) or (iii) bifurcate the claim and certify the liability stage of the class for (b)(2) treatment. (internal citations omitted). Plaintiffs' failure to develop those arguments more fully or to suggest an alternate class for certification renders such options inappropriate for this Court's consideration. *See Nat'l Foreign Trade Council v. Natsios*, 181 F.3d 38, 61 n. 17 (1st Cir.1999) ("We have repeatedly held that arguments raised only in a footnote or in a perfunctory manner are waived.") (collecting cases). Plaintiffs fail to address, much less establish, whether common issues of law or fact predominate or whether a class action would be a superior method of adjudicating this case. *See* Fed.R.Civ.P. 23(b)(3); *Jones*, 2005 WL 743213, at *20 (finding that an almost identical footnote failed to establish that certification under Rule 23(b)(3) was warranted).

Such cursory treatment not only deprives the Court of adequate grounds upon which to rule, but also impairs the defendant's ability to offer a meaningful response. Accordingly, Plaintiffs have failed to meet their burden of satisfying the prerequisites of certification pursuant to Rule 23(b)(3).

### ORDER

In accordance with the foregoing, Plaintiffs' motion to certify a class (Docket No. 40) is **DENIED.**

**So ordered.**