Roy **MOGEL, Todd D. Lindsay and Joseph R. Thorley, individually and on behalf of all others similarly situated, Plaintiffs,**

v.

**UNUM LIFE INSURANCE COMPANY OF AMERICA, a subsidiary of Unumprovident Corporation, Defendant.**

Civil Action No. 07–10955–NMG.

United States District Court, D. Massachusetts.

Dec. 16, 2009.

■

---

M. Scott Barrett, Barrett & Associates, Bloomington, IN, John C. Bell, Leroy W. Brigham, Bell & Brigham, Augusta, GA, Jeffrey G. Casurella, Helen N. Cleveland, Esq., Roberts, Erck & Cleveland, Atlanta, GA, Charles M. Delbaum, Stuart T. Rossman, National Consumer Law Center, Boston, MA, for Plaintiffs.

Byrne J. Decker, William J. Kayatta, Jr., Gavin G. McCarthy, Pierce Atwood LLP, Portland, ME, for Defendant.

### MEMORANDUM & ORDER

GORTON, District Judge.

Plaintiffs Roy Mogel, Todd Lindsay and Joseph Thorley (collectively, "plaintiffs") bring a putative class action alleging that the defendant violated the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et. seq.* ("ERISA"). Specifically,

plaintiffs assert a claim under 29 U.S.C. § 1132(a)(3) alleging that the defendant 1) failed to act solely in the interest of plan participants in violation of 29 U.S.C. § 1104(a) and 2) engaged in prohibited transactions in violation of § 1106(b)(1). Before the Court is plaintiff's Motion for Leave to Amend their Complaint and File a Renewed Motion for Class Certification under Fed.R.Civ.P. 23(b)(3).

## I. *Background*

### A. **Factual Background**

Plaintiffs were the beneficiaries of life insurance policies issued by the defendant UNUM Life Insurance Company of America ("UNUM"). The terms of the policies provided that death benefits would be paid in a lump sum to the beneficiaries unless the beneficiaries elected an alternative form of payment. At the time of payment of the claim, if the benefits to be paid exceed $10,000 (as they did for Plaintiffs), it is (and was) UNUM's practice to set up an UNUM Life Insurance Co. of America Security Account ("Security Account") in the name of the beneficiary at a particular bank. UNUM sends the beneficiary a checkbook (rather than a check for the full amount) from which the beneficiaries may write checks for any amount greater than $250 up to the policy limit. The Security Accounts paid a fixed interest disclosed to the beneficiaries in information accompanying the checkbook.

Plaintiffs contend that UNUM deposited no funds in the Security Accounts until presented with a check drawing on them and that it used the beneficiaries' funds for its own benefit in the interim. Although Plaintiffs each received the amount to which they were entitled plus interest by drawing on the Security Accounts over a

period of time, they allege that the use of Security Accounts is a violation of ERISA.

### B. **Procedural History**

Plaintiffs filed their complaint on May 18, 2007. On February 4, 2008, this Court entered a Memorandum and Order allowing UNUM's motion to dismiss. *See Mogel v. UNUM Life Ins. Co. of Am.*, 540 F.Supp.2d 258, 264–65 (D.Mass.2008) (citing 29 U.S.C. § 1101(b)(2)), *vacated*, 547 F.3d 23 (1st Cir.2008). On November 6, 2008, the First Circuit Court of Appeals vacated this Court's order of dismissal and remanded the case for further proceedings.

At a status conference held on March 18, 2009, this Court set a schedule for all class discovery and motions for class certification. In accordance with that schedule, plaintiffs moved to certify a class on June 15, 2009. After hearing oral argument, this Court denied plaintiffs' motion on August 19, 2009, 646 F.Supp.2d 177 ("the August, 2009 M & O"). It held that because monetary relief was plaintiffs' primary objective, certification under Fed. R.Civ.P. 23(b)(2) (which pertains to injunctive or declaratory relief) was unwarranted. Moreover, although plaintiffs had, in a footnote, asserted that the Court maintained discretion to certify some or all of the claims under Rule 23(b)(3), the Court declined to certify the class under that provision based upon such a cursory reference.

On September 17, 2009, plaintiffs filed a motion for leave to amend their complaint and to file a renewed motion for class certification pursuant to Rule 23(b)(3) to which UNUM filed an opposition on October 1, 2009.[1]

---

**1.** In keeping with the schedule set on March 18, 2009, the parties submitted various dispositive motions on November 16, 2009.

Both parties seem to agree, however, that the class certification motion should be decided before those motions are addressed.

## II. *Analysis*

### A. Legal Standard

■ As an initial matter, the proper standard of review for considering plaintiffs' motion is unclear. On the one hand, plaintiffs contend that the motion should be decided under the liberal amendment policies of Fed.R.Civ.P. 15(a). UNUM, by contrast, repeatedly refers to plaintiffs' motion as a motion for reconsideration of this Court's denial of class certification and, accordingly, invokes the more stringent standards for such motions.

The instant motion, however, does not fit comfortably into either category. Although amending the complaint is one aspect of plaintiffs' request, their primary goal is the second half of the motion's lengthy title: "leave to file a renewed motion for class certification under Rule 23(b)(3)". As such, the liberal amendment policies of Rule 15(a) seem somewhat out of place. Nor, however, is defendant entirely correct that plaintiffs' motion is a typical motion for reconsideration because plaintiffs seek certification under a different provision and, therefore, nothing in the Court's prior decision can truly be "reconsidered". *Compare, e.g., Zapata v. IBP, Inc.,* 175 F.R.D. 578, 580–81 (D.Kan.1997) (treating renewed class certification motion under same provision as motion to reconsider).

Because the decision to grant or deny class certification is left to this Court's broad discretion, *e.g., McCuin v. Sec'y of Health and Human Servs.,* 817 F.2d 161, 167 (1st Cir.1987), the Court takes a multifactored approach drawn from the arguments of both the plaintiffs and the defendant. First, UNUM correctly asserts that the instant motion requires the application of a stricter standard than Rule 15(a) motions to amend. Rule 23(c)(1)(C) authorizes an order granting or denying class certification to be "altered or amended

before final judgment." The Advisory Committee has clarified, however, that

> [a] determination once made can be altered or amended … if, *upon fuller development of the facts,* the original determination appears unsound.

Advisory Comm. Notes to Fed.R.Civ.P. 23 (emphasis added).

■ Nonetheless, factors identified by plaintiffs for evaluating motions to amend under Rule 15(a) are also instructive and will, therefore, be considered. Although leave to amend is often "freely given", the Supreme Court has identified the following contravening factors:

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). As such, despite the generous standard articulated in Fed.R.Civ.P. 15(a),

> late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action.

*Acri v. Int'l Ass'n of Machinists & Aerospace Workers,* 781 F.2d 1393, 1398 (9th Cir.1986).

With these principles in mind, the Court proceeds to consider the merits of plaintiffs' motion.

### B. Application

■ In moving for leave to amend their complaint and to file a renewed motion for class certification, plaintiffs rely heavily on the *Foman* factors. First, they emphasize judicial economy and assert that amend-

ment in this case is preferable to "absent class members fil[ing] another class action against UNUM to resolve the issue." Second, plaintiffs contend that their motion would not prejudice UNUM because they do not seek to add new claims, conduct additional discovery, submit new evidence or push back deadlines. Moreover, amendment would not be futile because, as plaintiffs hope to establish, their suit meets the requirements for certification under Rule 23(b)(3). Finally, plaintiffs argue that there was no bad faith or improper delay as they "genuinely believed that [their] claims were appropriate for certification under Fed.R.Civ.P. 23(b)(2)" and, after denial, promptly filed the instant motion.

UNUM refutes plaintiffs' arguments and contends, moreover, that the motion is an improper request for a "second bite at the apple". With respect to plaintiffs' analysis, defendant responds that if plaintiffs are permitted to move again for class certification, material delay would certainly occur. UNUM also emphasizes that no new facts have come to light and that the deadline for class certification motions has passed. Finally, UNUM maintains that certification under Rule 23(b)(3) is difficult and that plaintiffs therefore made a conscious choice to seek certification under Rule 23(b)(2). The fact that their decision was unsuccessful does not mean that they should be allowed to file a second, "renewed" motion.

Defendant is correct and the Court will deny plaintiffs' motion. Although, to be sure, not all of the *Foman* factors are present here, two considerations are of critical importance. First, as defendant points out, court-imposed deadlines have passed and no facts are alleged now (apart

from the issuance of the August, 2009 M & O) that were not known when plaintiffs initially filed for class certification. *See Acri*, 781 F.2d at 1398; Advisory Comm. Notes to Fed.R.Civ.P. 23.

Second, and germanely, plaintiffs have had ample opportunity to move for class certification under Rule 23(b)(3) previously. Even if plaintiffs believed, as they contend, that certification pursuant to Rule 23(b)(2) was their best option, class action plaintiffs can, and often do, move for certification under alternative provisions of Rule 23. *See, e.g., In re Relafen Antitrust Litig.*, 221 F.R.D. 260, 264 (D.Mass.2004). Whatever their reasons for not doing so here, the Court declines to allow plaintiffs to revisit their prior (unsuccessful) tactical decision or to delay the case any further.[2]

The opinion in *Washington v. Vogel,* 158 F.R.D. 689 (M.D.Fla.1994) is particularly instructive. There, plaintiffs had consistently sought class certification under Rule 23(b)(2), which the court denied. Subsequently, plaintiffs filed a renewed motion for class certification invoking, for the first time, Rule 23(b)(3). The Court denied the motion, holding, *inter alia,* that

1) plaintiffs' motion "would postpone resolution of this case",

2) no "changed circumstances" justified the motion,

3) "to hedge against [the] risk [of losing on the 23(b)(2) motion], plaintiffs could have sought alternative certification under one of the other two provisions of Rule 23(b)" and

4) plaintiffs' conduct "must have been the product of a conscious tactical decision [and t]he fact that [it] did not work out as planned does not excuse [their]

---

2. For the reasons stated in the August, 2009 M & O, the Court does not consider the cursory footnote in plaintiffs' prior motion to have

been a valid, timely attempt to seek alternate class certification under Fed.R.Civ.P. 23(b)(3).

failure to timely seek class certification pursuant to Rule 23(b)(3)".

*Id.* at 692. This Court finds the Florida Court's reasoning compelling and applicable to this case. Accordingly, plaintiffs' motion will be denied.

### ORDER

In accordance with the foregoing, plaintiffs' motion for leave to amend complaint and file a renewed motion for class certification under Fed.R.Civ.P. 23(b)(3) (Docket No. 55) is **DENIED.**

**So ordered.**